UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    Case No. 8:19-cr-191-VMC-SPF

NICHOLAS RENEE ROGERS,

_____/

### ORDER

This cause comes before the Court pursuant to Defendant Nicholas Rogers's pro se Motion for Compassionate Release and Reduction in Sentence (Doc. # 122), filed on May 14, 2026. The Government responded in opposition on June 4, 2026. (Doc. # 124). For the reasons set forth below, the Motion is denied.

### I.   Background

In May 2019, Mr. Rogers was indicted for three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and three counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (Doc. # 1). Pursuant to a plea agreement, Mr. Rogers pled guilty to two counts of Hobbs Act robbery and two counts of brandishing a firearm during and in relation to a crime of violence. (Doc. ## 47; 54; 55). In July 2020, this Court sentenced Mr. Rogers to a total term of 246 months' imprisonment and 60 months' supervised release. (Doc. ## 77;

1

78). Mr. Rogers appealed (Doc. # 84), and the Eleventh Circuit affirmed his conviction and sentence in April 2021. (Doc. ## 103; 104). Currently, Mr. Rogers is incarcerated at FCI Talladega in Talladega, Alabama, and is 36 years of age. (Doc. # 122 at 1, 18; Doc. # 124 at 2). To date, he has served approximately 6 years of his sentence. (Doc. # 124 at 7).

On May 14, 2026, Mr. Rogers filed the instant Motion (Doc. # 122), arguing that "extraordinary and compelling reasons now exist justifying compassionate release and a reduction in sentence." (Id. at 2). The Government has responded in opposition (Doc. # 124), and the Motion is now ripe for review.

## II.  Discussion

In his Motion, Mr. Rogers asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. # 122). Under that statute, a court is permitted to reduce a term of imprisonment if the court determines that (1) extraordinary and compelling reasons warrant such a reduction, (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, and (3) the § 3553(a) sentencing factors weigh in favor of a reduction. United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021).

2

**1. <u>Exhaustion of Administrative Remedies</u>**

To obtain relief under § 3582, a defendant must first "fully exhaust all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." <u>See</u> <u>United States v. Harris</u>, 989 F.3d 908, 909–10 (11th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).

Mr. Rogers does not address the exhaustion requirement in his Motion. In its response, the Government argues that Mr. Rogers "has not met his burden of demonstrating that his administrative remedies have been exhausted" and that "his motion may be denied on this basis alone." (Doc. # 124 at 4). The Government's response also includes an exhibit from the "BOP's reduction in sentence database," showing the administrative remedies sought by Mr. Rogers as of June 1, 2026. (<u>Id.</u>; Doc. # 124-1). That exhibit indicates that Mr. Rogers has not sought any administrative remedies from the BOP since at least 2023. (Doc. # 124-1 at 2).

Accordingly, the Motion is denied without prejudice because Mr. Rogers has not established that he exhausted his administrative remedies before seeking relief under § 3582.

## 2. **Extraordinary and Compelling Circumstances**

Alternatively, even if Mr. Rogers had exhausted his administrative remedies, the Motion would still be denied on the merits. A district court may reduce a prisoner's term of imprisonment "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable," if it finds that extraordinary and compelling reasons warrant such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). But it is the "defendant's burden to show that his circumstances warrant a sentence reduction." United States v. Alonge, No. 21-13566, 2022 WL 1135533, at *1 (11th Cir. Apr. 18, 2022).

The Sentencing Commission's applicable policy statement, set forth in U.S.S.G. § 1B1.13, defines "extraordinary and compelling reasons" for purposes of section 3582(c)(1)(A), and it is binding on the courts. United States v. Bryant, 996 F.3d 1243, 1262 (11th Cir. 2021). "Following the recent amendments to the sentencing guidelines . . ., there are now six extraordinary and compelling reasons justifying relief under § 1B1.13: (1) the defendant's medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an unusually long sentence."

4

United States v. Allen, No. 1:09-CR-320-TCB, 2024 WL 631609, at *2 (N.D. Ga. Feb. 12, 2024).

### a. Unusually Long Sentence

First, Mr. Rogers argues that "the extraordinary length of [his] sentence . . . constitutes an extraordinary and compelling reason warranting relief." (Doc. # 122 at 6). In addition, Mr. Rogers provides a self-styled "sentencing disparity analysis," in which he states that "the extraordinary length of [his] sentence now exceeds what is reasonably necessary," that his lengthy sentence "no longer reflects [his] current characteristics," and that his sentence "creates an unwarranted disparity" between "the punishment necessary" and his "present characteristics and reduced risk level." (Id. at 9-12).

In relevant part, the Sentencing Guidelines provide:

> (6) UNUSUALLY LONG SENTENCE. — If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

5

Here, Mr. Rogers was indicted in May 2019 and was sentenced in July 2020. (Doc. ## 1; 78). To date, he has only served approximately 6 years of his sentence. Accordingly, because Mr. Rogers has not "served at least 10 years of the term of imprisonment," Mr. Rogers is not eligible for a sentence reduction pursuant to § 1B1.13(b)(6).

Even if he were eligible, Mr. Rogers has failed to identify any change in the law that would produce a "gross disparity" between the sentence he is currently serving and the sentence that would be imposed if he were sentenced today. Instead, Mr. Rogers's "sentencing disparity" arguments are mostly premised on his personal rehabilitation during his incarceration, rather than intervening legal developments.

The Court is not persuaded by Mr. Rogers's arguments that extraordinary and compelling reasons exist because his sentence was "driven largely by stacked mandatory firearm penalties under 18 U.S.C. § 924(c)." (Doc. # 122 at 1, 9-12). In the First Step Act of 2018, Congress amended § 924(c) to eliminate the mandatory 25-year "stacked" sentence for a second offense under that statute. See Pub. L. 115-391, § 403(a), Dec. 21, 2018, 132 Stat. 5222. Here, however, Mr. Rogers was sentenced in 2020, after the amendment became effective, and in any event, Mr. Rogers did not receive a

mandatory 25-year consecutive sentence. (Doc. ## 77; 78). Moreover, the Supreme Court has held that, because Congress did not make the amendment retroactive, the Act's change to the § 924(c) mandatory minimum does not constitute an extraordinary or compelling reason for compassionate release. Rutherford v. United States, 146 S. Ct. 1320, 1330-31 (2026).

Accordingly, Mr. Rogers is not entitled to a sentence reduction on the basis of an unusually long sentence.

### b. Rehabilitative Efforts

Next, Mr. Rogers argues that he "has shown sustained efforts toward rehabilitation, emotional growth, and lawful self-improvement" and that "[t]hese efforts strongly support the conclusion that continued incarceration is not necessary." (Doc. # 122 at 7). He also contends that he "has matured significantly since the offenses occurred in 2019," and that "[y]ears of incarceration, structure, reflection and rehabilitative programming have fundamentally changed [his] outlook and decision-making." (Id.). Further, Mr. Rogers states that his "younger brother currently undergoes dialysis treatment" and "Mr. Rogers has expressed willingness to undergo compatibility testing and donate a kidney to his brother." (Id.). According to Mr. Rogers, "[h]is desire to potentially save the life of a close family member reflects

7

the maturity, compassion, accountability, and personal transformation he has developed during incarceration." (Id.).

As an initial matter, Mr. Rogers has not established that his brother is "incapacitat[ed]" or that Mr. Rogers "would be the only available caregiver for such family member or individual." U.S.S.G. §1B1.13(b)(3)(D). Accordingly, to the extent the Motion could be liberally construed as arguing that Mr. Rogers's brother's condition may constitute extraordinary and compelling reasons for a sentence reduction, Mr. Rogers has not established his entitlement to a reduction on the basis of his family circumstances.

Likewise, Mr. Rogers's other arguments fail to establish extraordinary or compelling reasons for a sentence reduction. In relevant part, the Sentencing Guidelines provide:

> (d) REHABILITATION OF THE DEFENDANT.— Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. § 1B1.13(d); see also 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

8

While the Court commends Mr. Rogers on his commitment to "positive institutional conduct" and his "desire to potentially save the life of a close family member" (Doc. # 122 at 7), such rehabilitation alone cannot constitute an extraordinary or compelling reason to reduce his sentence.

Accordingly, Mr. Rogers has failed to establish any extraordinary and compelling reasons for a sentence reduction. His Motion is alternatively denied on that basis.

### 3. **The § 3553 Factors**

Even if Mr. Rogers had established an extraordinary and compelling reason, the 18 U.S.C. § 3553(a) factors weigh against compassionate release. Section 3553(a) requires the imposition of a sentence that, among other things, protects the public, reflects the seriousness of the crime, promotes respect for the law, provides just punishment for the offense, deters future crimes, and considers the history and characteristics of the defendant and the nature and circumstances of the offense. 18 U.S.C. § 3553(a).

Mr. Rogers pled guilty to multiple armed robbery offenses. (Doc. # 47). On February 18, 2019, Mr. Rogers robbed a Walgreen's Pharmacy Store and a CVS Pharmacy Store, brandished a firearm at the store cashiers, physically restrained them from leaving, caused them to fear for their

lives, and forced them hand him the stores' funds. (Doc. # 69 at 5-6, 8). Apart from the instant offenses, Mr. Rogers also has an extensive criminal record. In 2013, he was arrested and convicted for driving under the influence and for stealing from a Walmart store. (Doc. # 69 at 11). In 2014, he was arrested and convicted for assault. (Id.). In 2015, he was arrested for driving without a license. (Id.). In 2017, he was arrested for possession of cannabis and for driving with a suspended license. (Id. at 12). In 2018, he was arrested for stealing from a restaurant and for resisting a law enforcement officer. (Id. at 13). In 2019, he was arrested for robbery, possession of cocaine, possession of drug paraphernalia, and carrying a concealed firearm. (Id.).

Moreover, although Mr. Rogers states that he has shown "sustained efforts toward rehabilitation" during his incarceration (Doc. # 122 at 7), the Government has filed an exhibit showing that Mr. Rogers has engaged in repeated misconduct in prison, including refusing to obey orders, being in an unauthorized area, possessing an unauthorized item, disruptive conduct, tattooing, and possessing a hazardous tool. (Doc. # 124-2). Indeed, the Government's exhibit shows that the BOP has had to punish or sanction Mr. Rogers multiple times, including as recently as May 2026.

10

(Id.). To date, Mr. Rogers has served less than 30 percent of his 246 months' sentence.

On this record, a reduction in Mr. Rogers's sentence is not warranted considering the nature of his offense and his history and characteristics. Moreover, a reduction in his sentence would not reflect the seriousness of his offenses, promote respect for the law, or afford adequate deterrence.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Nicholas Rogers's pro se Motion for Compassionate Release and Reduction in Sentence (Doc. # 122) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 26th day of June, 2026.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE